383 A.2d 896

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Gordon DILLARD, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Nov. 15, 1977.

Decided March 23, 1978.

Hardy Williams, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Dep. Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., Marrianne Cox, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM:

On June 12, 1975, Gordon Dillard, appellant, was convicted by a jury in Philadelphia of murder of the third degree and of criminal conspiracy. Post-verdict motions were denied and concurrent judgments of sentences of four to ten years and two to five years imprisonment were imposed on the murder and conspiracy convictions respectively.

We have examined the assignments of error now asserted and find the issues set forth therein to be without merit or waived.

■ The issues we hold without merit are:

1) whether the evidence is sufficient to support the verdicts;

2) whether the ruling of the trial court, that evidence of drug sales between a Commonwealth witness and another was inadmissible, constitutes error;[1]

3) whether the ruling of the trial court, that an out-of-court statement by a Commonwealth's witness which contradicted part of his testimony at trial was inadmissible, was error;

4) whether the introduction of certain testimony by a crime-lab technician was error;

5) whether the trial court erred in excluding certain photographic evidence; and,

6) whether the trial court erred in refusing to allow Dillard to call a witness whose counsel indicated he would invoke the Fifth Amendment,[2] and whether the trial court erred in not requiring the witness to invoke the privilege on the witness stand before the jury.

In addition to those set forth in the margin, the following issues are waived:

1) whether the trial court erred in allowing a polygraph officer to testify;

2) whether the trial court erred in refusing to allow evidence that no other persons had been arrested; and,

3) whether the trial court, through its instructions to the jury, usurped the jury's function in determining the credibility of witnesses as to the identification of the assailant.

The judgments of sentence are affirmed.

---

1. Dillard, in connection with this ruling, now asserts he also intended to prove the Commonwealth's witness and another were involved in a financial dispute. Defense counsel did not offer to prove any financial dispute at trial, and thus this issue is waived.

2. Dillard also argues the trial court erred in relying on the witness's counsel's representations that the witness would invoke the Fifth Amendment, rather than questioning the witness. No objection to the court's relying on counsel's representations was entered, and thus this issue is waived.